IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANK EARL LOVE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0186 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### PETITION FOR A WRIT OF HABEAS CORPUS AS MOOT

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner FRANK EARL LOVE on June 24, 2005. By his application, petitioner challenges a state prison disciplinary proceeding which took place at the Powledge Unit wherein he was found guilty of extortion of property and was assessed a forfeiture of 180-days previously accrued good time credits.[1] It is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application is moot and should be dismissed.

I.
PETITIONER'S ALLEGATIONS

Petitioner alleges the finding of guilt in the disciplinary proceeding violates his federal

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and did not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

HAB54\DISCIP\R&R\LOVE-186.DSM-RELEASED:2

Constitutional rights and can not stand because:

1. The charged disciplinary infraction was based on an unreliable confidential informant's false information;

2. Petitioner was denied a fair and impartial investigation because the charging officer was also involved in the investigation of the charged infraction, and petitioner did not have the opportunity to state his position to a supervisor who was not involved in the incident;

3. Petitioner was denied a witness at the disciplinary hearing, to wit: the victim;

4. The purported victim's statement was involuntary and coerced by the investigating officer;

5. The charging officer's testimony, based on the unreliable confidential informant's information, did not constitute sufficient evidence to support a finding of guilt.

II.
MERITS

The allegations raised by petitioner do not merit federal habeas corpus relief. Petitioner was afforded all the procedural due process to which he was entitled at the disciplinary proceeding. Petitioner was provided advance written notice of the disciplinary charges, as well as an opportunity to call witnesses and present documentary evidence. The record shows petitioner waived his right to 24-hour notice, and did not request any witnesses for the hearing. The record also shows no witnesses were denied. Further, petitioner was provided with a final report stating the evidence relied upon and the reason for the disciplinary action. Nothing in the record indicates petitioner was denied procedural due process in relation to the prison disciplinary proceeding.

Petitioner's claim that the charged disciplinary infraction was based on an unreliable confidential informant's false information is also without merit. The undersigned has reviewed the portions of the record submitted by respondent under seal and finds the information which formed the

basis of the charged disciplinary infraction was reliable and more than sufficient to bring the charge. Petitioner also claims he was denied a fair and impartial investigation because the charging officer was involved in the investigation of the code violation, and petitioner did not have an opportunity to state his side of the story to a supervisor who had no knowledge of, or was not involved in, the incident. The record indicates Officer Warden conducted the initial investigation into the manner, filed the offense report, completed the inventory of the commissary items found in petitioner's locker, and testified at the disciplinary hearing. However, the record indicates post-offense report investigation, as well as the disciplinary hearing, were conducted by other officers. Further, when petitioner was queried about the extortion allegation during the preliminary investigation he gave the statement that "it did not happen." The preliminary investigation was approved by a supervising officer. Petitioner has not demonstrated any irregularities occurred during the investigation, or the hearing, of this disciplinary charge. More importantly, petitioner has not shown he was denied a fair and impartial investigation or hearing of this matter by submitting any facts supporting his claims. Petitioner's conclusory claims should be denied.

Petitioner's claim that he was denied his constitutional right to call the victim of the alleged extortion as a witness at the disciplinary hearing is also without merit. As previously noted, the record does not indicate petitioner requested any witnesses for the hearing or that any witnesses were denied. Further, based on records submitted to the Court, it does not appear the victim's testimony would have been beneficial or exculpatory to petitioner. Consequently, petitioner cannot show harm by the absence of the victim's testimony at the hearing. Petitioner's claim should be denied.

Petitioner also claims the purported victim's statement was involuntary and coerced by the investigating officer. Petitioner does not cite any facts supporting this accusation, instead he simply makes the assertion, unsupported by documentation in the record. In fact, the documents submitted under seal by respondent clearly indicate the victim's statements were freely and voluntarily given, and

there is no indication of fabrication on the part of the victim. This claim should be denied.

The charging officer's testimony was not based on an unreliable confidential informant's information and did constitute sufficient evidence to support a finding of guilt. The record shows there was more than "some evidence" to uphold the hearing officer's finding that petitioner had extorted commissary items from another inmate. The hearing officer found petitioner guilty of the extortion charge based on the charging officer's report and testimony. The officer's report and testimony is supported by the records developed during the investigation. Moreover, petitioner has offered nothing to support his assertion that he was simply holding the commissary items found in his locker for another inmate. The hearing officer acted within his discretion in determining petitioner's statements were not credible. There was more than sufficient evidence to support the hearing officer's finding of guilt. Petitioner's claim should be denied.

### III.
### PETITION IS MOOT

Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division, on this date reveals petitioner was released from confinement to mandatory supervision on November 17, 2005. Petitioner's release from confinement renders the instant habeas application moot. Petitioner challenges only the disciplinary proceeding in this action and the resulting loss of previously accrued good time credits. Consequently, the only relief available to petitioner if successful in this matter was the restoration of the good time credits forfeited by the disciplinary action. As petitioner has been released to mandatory supervision and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of

petitioner's release to mandatory supervision, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner FRANK EARL LOVE be DISMISSED as moot or, alternatively, denied on the merits.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of May 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).